# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY | CIVIL ACTION NO. _____ |
| Plaintiff, | State Court Docket No.: MRS-L-1751-17 |
| v. | **NOTICE OF REMOVAL** |
| COLONY INSURANCE COMPANY and XYZ INSURANCE COMPANIES, 1-10, (fictitious name for unknown insurance companies), | |
| Defendants. | |

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Colony Insurance Company (8720 Stony Point Parkway, Suite 400, Richmond, Virginia) removes to this Court from the Superior Court of New Jersey the above-titled action commenced by Plaintiff Greater New York Mutual Insurance Company (200 Madison Avenue, 3rd Floor, New York, New York), on the following grounds:

## FACTUAL BACKGROUND

1. Plaintiff Greater New York Mutual Insurance Company ("GNY") commenced a civil action against Colony Insurance Company ("Colony") in the Superior Court of New Jersey, alleging breach of the terms of an insurance contract and seeking a declaration that "GNY's insureds, Eden Lane Condominium Association, Inc. and Taylor Management Company (collectively, "Eden Lane Condo,") are insureds on a policy of insurance issued by [Colony] to SASC, LLC and Steurer & Sons Construction, LLC"; that Colony must defend and indemnify Eden Lane Condo in an underlying action filed by Javaise Katz; and that Colony must reimburse

GNY for costs associated with the defense of Eden Lane Condo in the underlying action filed by Katz. (Compl. at ¶ 1).

2. Plaintiff filed its action on or about August 9, 2017. (Compl. at p. 1).

3. Plaintiff delivered a copy of the Complaint, along with a Summons, to Colony on September 13, 2017.

## DIVERSITY JURISDICTION

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. There is diversity of citizenship between the Plaintiff (Virginia) and the Defendants (New Jersey) and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

5. Plaintiff GNY is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York.

6. Colony is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Richmond, Virginia.

7. The citizenship of XYZ Insurance Companies 1-10 is irrelevant and "shall be disregarded." 28 U.S.C. § 1441(b)(1).

8. Upon information and belief, Mid-Continent Assurance and Mid-Continent Excess Surplus Insurance Company ("Mid-Content") is the true identity of XYZ Insurance Company. Upon information and belief, Mid-Continent is an Ohio company with its principal place of business in Oklahoma.

**Amount in Controversy**

9. Plaintiff is demanding past and future defense and indemnity for its insured, Eden Lane Condo, in an underlying action filed against Eden Lane Condo and Colony's insured, SASC, by Javaise Katz. The injuries alleged by Ms. Katz include a sprained ankle that required surgery, a sprained wrist that also required surgery, and a rotator cuff injury. Given the nature of the injuries alleged by Ms. Katz in the underlying action, the jurisdictional threshold of $75,000, exclusive of interest and costs, is satisfied. *See, e.g.*, *Romano v. Wal-Mart Stores E., LP*, No. 16-7420 (RBK/AMD), 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017) ("[C]ourts in this District are increasingly . . . finding that a complaint supports removal where it claims damages for injuries that are reasonably valued to meet the amount in controversy threshold." (citation omitted). Jury verdicts in New Jersey for injuries similar to the ones suffered by Ms. Katz allegedly as a result of the accident that is the subject of the underlying action consistently are over $75,000. Moreover, if Colony were to defend Eden Lane Condo in the underlying action, defense costs associated with that defense would further render the amount in controversy in excess of $75,000.

**TIMELINESS OF REMOVAL**

10. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1), because it is filed within thirty days of Colony's receipt of the Summons and Complaint.

11. This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c), because it is filed less than one year after commencement of the action.

**VENUE**

12. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the action is pending.

## PAPERS FROM REMOVED ACTION

13.     As required by 28 U.S.C. § 1446(a) and Local Rule 5.1(e), all process, pleadings, and orders served on or by Colony in the action are attached to this Notice of Removal as "Exhibit 1."

## NOTICE OF FILING NOTICE OF REMOVAL

14.     In accordance with 28 U.S.C. § 1446(d) and to effect removal, Colony is filing a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Morris County, attached as "Exhibit 2."

WHEREFORE, defendant Colony Insurance Company respectfully removes this action from the Superior Court of New Jersey to this Court for all future proceedings and trial.

Respectfully submitted,

**STEWART SMITH**

By:     /s Nace Naumoski
        WILLIAM F. STEWART
        NACE NAUMOSKI
        470 Norristown Road, Suite 201
        Blue Bell, PA 19422
        P: (484) 534-8300
        F: (484) 534-9470
        E: wstewart@stewartsmithlaw.com
           nnaumoski@stewartsmithlaw.com
        *Attorneys for Plaintiff*,
        *Colony Insurance Company*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY : | CIVIL ACTION NO. _____ |
| Plaintiff, : | State Court Docket No.: MRS-L-1751-17 |
| v. : | **CERTIFICATION OF SERVICE** |
| COLONY INSURANCE COMPANY and XYZ INSURANCE COMPANIES, 1-10, (fictitious name for unknown insurance companies), : | |
| Defendants. : | |

NACE NAUMOSKI, an attorney duly admitted to practice before the United States District Court for the District of New Jersey, hereby certifies that on October 4, 2017, the foregoing Notice of Removal, with exhibits, was served via first class U.S. mail, postage prepaid thereon and via electronic transmission on the following:

> David D. Hess, Esq.
> Assistant General Counsel
> Greater New York Mutual Insurance Company
> 200 Madison Avenue, 3rd Floor
> New York, NY 10016
> ***Attorney for Plaintiff***,
> ***Greater New York Mutual Insurance Company***

> /s Nace Naumoski
> Nace Naumoski, Esq.
> ***Attorneys for Defendant***,
> ***Colony Insurance Company***